Filed 4/24/14  P. v. Dambra CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048667 |
| v. | (Super. Ct. No. 12NF1885) |
| KELLY RONALD DAMBRA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Kelly Ronald Dambra was convicted of two counts of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)), and admitted he had suffered a prior conviction (*id.*, §§ 667, subds. (d) & (e)(1), 1170.12, subds. (b) & (c)(1), & 667, subd. (a)(1)). The trial court sentenced defendant to a term of seven years in prison, and awarded him 334 days of presentence custody credit.

Defendant timely appealed from the judgment. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting that we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appointed counsel provided a list of potential issues to assist us in our independent review. Defendant was granted 30 days to file written arguments in his own behalf, but did not do so.

We have examined the entire record and counsel's *Wende/Anders* brief. After considering the entire record, we have found no reasonably arguable issue. (*Wende*, *supra*, 25 Cal.3d 436.) We therefore affirm.

BACKGROUND

On June 10, 2012, two Wal-Mart asset protection associates observed Kelly Loza placing "high-dollar" items in the top part of her shopping cart, near her purse. One of the asset protection associates observed Loza meet with defendant in an aisle of the store, show him an item, and have what appeared to be a friendly conversation. After defendant left, Loza went to another department. One of the associates saw Loza put the items in her purse, grab her purse, and exit the store.

The asset protection associate followed Loza out of the store. The associate cut in front of Loza, showed her badge, and identified herself as a member of the Wal-Mart asset protection team. Loza said, "I don't have anything. I don't know what you're talking about." The other asset protection associate, who was a male, also

approached Loza, with his badge in his hand, and identified himself as a Wal-Mart employee. Both associates stepped in front of Loza to prevent her from getting away with the Wal-Mart merchandise.

Loza screamed an unidentifiable name and then screamed, "help me." When Loza tried to push past the associates, the female associate grabbed her arm.

Soon after Loza screamed for help, defendant came toward her. The female associate displayed her badge to defendant and said, "calm down, calm down," and "I work here." Defendant grabbed the male associate from behind and turned him around. The associate shook off defendant and displayed his badge. The associate told defendant, "I work here at Walmart. I work for Walmart." Defendant then pushed the male associate in the chest with two hands, causing the associate to step back two or three feet.

Defendant then quickly walked toward Loza and the female associate. Defendant pushed the female associate backwards into a wall, and said, "leave her alone."

The female associate retained her grip on Loza, and pulled the purse off Loza's shoulder. The female associate stepped to the side, dumped all the contents from the purse onto the ground, and told defendant, "I'm not robbing this lady."

Defendant told Loza to leave and go to the car. Loza reached into the pile of merchandise, retrieved her wallet, and walked away. Defendant did not attempt to take any of the merchandise, but also walked away.

Loza got into a red SUV, which was already running. The female asset protection associate memorized the license plate number before Loza drove off. Defendant did not get into the vehicle with Loza.

The total retail price of the merchandise in Loza's purse was $155.20. Also inside the purse, the associates found a medical paper with defendant's name on it.

In an information, Loza and defendant were each charged with two counts of second degree robbery, in violation of Penal Code sections 211 and 212.5,

3

subdivision (c); a separate count was alleged for the use of force or fear against each of the asset protection associates. The information also alleged that defendant had a prior conviction for a serious and violent felony within the meaning of Penal Code sections 667, subdivisions (d) and (e)(1), and 1170.12, subdivisions (b) and (c)(1), and for a serious felony within the meaning of Penal Code section 667, subdivision (a)(1) and Penal Code section 1192.7.

A jury found Loza not guilty of robbery on both counts, but found her guilty of the lesser included offenses of petty theft (count 1) and grand theft (count 2). The jury found defendant guilty of second degree robbery on both counts. Defendant waived his right to a jury trial on the prior conviction and admitted that conviction.

Defendant's motion for a new trial was denied. The trial court sentenced defendant to a term of seven years in prison: the low term of two years for count 1, a concurrent term of two years for count 2, and five years for the Penal Code section 667, subdivision (a)(1) prior. For purposes of sentencing, the court struck defendant's serious and violent felony prior. The court also imposed a $240 restitution fine and a $240 parole revocation fine, which was suspended unless defendant's parole was revoked; a $40 security fee; a $30 criminal conviction assessment fee; and a $10 fine, plus a penalty assessment. Defendant was awarded 334 days of presentence custody credit—291 actual days, plus 43 good conduct days.

ANALYSIS

We have reviewed the record in accordance with our obligations under *Wende* and *Anders*, and we find no arguable issues on appeal. Defendant himself has not raised any issues for our review. (*People v. Kelly* (2006) 40 Cal.4th 106, 120, 124.)[1]

---

[1] *People v. Kelly, supra,* 40 Cal.4th at page 124, requires that an appellate court describe the contentions "personally raised by the defendant and the reasons those contentions fail" when a defendant files a supplemental brief in response to his or her attorney's *Wende/Anders* brief. In this case, defendant did not file a supplemental brief. Counsel's *Wende/Anders* brief included the following language, "[a]ppellant personally

4

The judgment is affirmed.


FYBEL, J.

WE CONCUR:


ARONSON, ACTING P. J.


IKOLA, J.

---

requests that the court address the following," immediately before a list of issues this court might want to consider in conducting its independent review. We believe that when the *People v. Kelly* court addressed the manner in which the Courts of Appeal are to handle issues personally raised by a defendant, it intended to limit the holding of the case to those issues raised in a separate, supplemental brief filed directly by the defendant, not those issues that counsel informs the court have particular meaning or significance to the defendant.